## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

KHRISTOPHER WATKINS                    DOCKET NO. 2:24-cv-00112
                                                          SECTION P

VERSUS                                             JUDGE DAVID C. JOSEPH

DANNY SEMMES, ET AL                    MAGISTRATE JUDGE LEBLANC

### MEMORANDUM ORDER

Before the Court are the original and amended civil rights complaints [docs. 1, 3], filed

pursuant to 42 U.S.C. § 1983, by plaintiff Khristopher Watkins, who is proceeding pro se and *in*

*forma pauperis* in this matter. The following are named as defendants: Danny Semmes, Edwardo

Mendoza, Clarence Cormier, Daniel Guinn, City of Jennings, Police Dept Jennings, Steve Gunnel,

Ivy Woods, Pamela Fruge and Derek A.  Bisig.  This matter has been referred to the undersigned

for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and

the standing orders of the Court.

### I.    BACKGROUND

In the civil rights suit presently before this Court, plaintiff asserts that on an unknown

date(s), defendants Eduardo Mendoza and Danny Semmes "harassed and search [his] vehicle with

no probable cause."  Doc. 1, p. 4.  Moreover, Semmes has made attempts to sabotage his cases,

along with Clarence Cormier, who "refused to serve notice on a lawsuite (sic) filed."  *Id*.  His

complaints to the mayor have provided no relief.  *Id*.  Plaintiff contends that the defendants' actions

have caused him mental trauma and loss of enjoyment of life.

## II.    LAW & ANALYSIS

### A.  *Frivolity Review*

Watkins has been granted leave to proceed in forma pauperis in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B.  *Section 1983*

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. To hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

Further, to state a cause of action under § 1983, the plaintiff must identify defendants who were either personally involved in a constitutional violation or whose acts were causally connected

to the constitutional violation alleged. *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995). Personal involvement is an essential element of a civil rights cause of action. *Thompson v. Steele*, 709 F. 2d 381, 382 (5th Cir. 1983).  Prison officials "cannot be automatically held liable for the errors of their subordinates." *Adames v. Perez*, 331 F.3d 508, 513 (5th Cir. 2003). Supervisory officials may be held liable only if: "(i) they affirmatively participate in the acts that cause constitutional deprivations; or (ii) [they] implement unconstitutional policies that causally result in plaintiff's injury." *Mouille v. City of Live Oak, Tex.*, 977 F. 2d 924, 929 (5th Cir. 1992). Vicarious liability does not apply to § 1983 claims. *Pierce v. Tex. Dep't of Crim. Justice, Institutional Div.*, 37 F.3d 1146, 1150 (5th Cir. 1994).

### C.  *Rule 8 Considerations*

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Under Rule 8, the complaint must allege "sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them." *Bynum v. Terrebonne Parish Consol. Gov't*, 2011 WL 6654985, at *3 (E.D. La. Nov. 8, 2011) (citations omitted).

Rule 8 of the Federal Rules of Civil Procedure does not require explicit detail, but it does require a plaintiff to allege specific facts which support the conclusion that his constitutional rights were violated by each person who is named as a defendant.  This conclusion must be supported by specific factual allegations stating the following:

(1)    the name(s) of each person who allegedly violated plaintiff's constitutional rights;

(2)    a description of what actually occurred or what each defendant did to violate plaintiff's rights;

(3)     the place and date(s) that each event occurred; and

(4)     a description of the alleged injury sustained as a result of the alleged violation.

Plaintiff has failed to provide the requisite specificity with respect to any of the parties named as a defendant in this matter, and so plaintiff must amend to comply with the requirements of Rule 8.

## III.    CONCLUSION

Accordingly,

**IT IS ORDERED** that plaintiff amend his complaint within forty (40) days of the filing of this order to cure the deficiencies as outlined above.

**Failure to comply with this order may result in dismissal of this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) or under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure.  Plaintiff is further required to notify the Court of any change in his address under U.L.R. 41.3.**

THUS DONE AND SIGNED in chambers this 25th day of February, 2025.

_____
**THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE**