UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **KHRISTOPHER WATKINS** | **DOCKET NO. 2:24-cv-00112**<br>**SECTION P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **DANNY SEMMES, ET AL** | **MAGISTRATE JUDGE LEBLANC** |

**REPORT AND RECOMMENDATION**

Kristopher Watkins filed a civil rights complaint pursuant to 42 U.S.C. § 1983 on January 29, 2024. Doc. 1. On June 25, 2025, Watkins, through counsel, filed a motion to voluntarily dismiss certain defendants (the "Motion"). Doc. 17. This matter is referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the court.

Federal Rule of Civil Procedure 41(a) addresses a plaintiff's ability to voluntarily dismiss an action. Specifically, Rule 41(a)(1)(A)(i) provides "the plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." *See Welsh v. Correct Care, L.L.C.*, 915 F.3d 341, 343 (5th Cir. 2019) ("Federal Rule of Civil Procedure 41(a)(1)(A)(i) grants Welsh an absolute right to dismiss his lawsuit before the defendant has filed an answer or a summary judgment motion."). Precedent of the United States Fifth Circuit Court of Appeals "interpret[s] 'action' to cover individual defendants—thus allowing plaintiffs . . . to use Rule 41(a) to dismiss individual defendants." *Williams v. Seidenbach*, 958 F.3d 341, 345 (5th Cir. 2020) (en banc) (citations omitted). As such, "the Rules permit voluntary dismissal by notice and without a court order of

any defendant who has not served an answer." *Welsh*, 915 F.3d at 344.  Such a dismissal is to be without prejudice.  Fed. R. Civ. P. 41(a)(1)(B).

Watkins filed his original complaint on January 29, 2024 (doc. 1) and has since amended his complaint multiple times (docs. 3, 7, 8 & 15).  As of the date of filing the Motion on June 25, 2025, no defendant had been served with the complaint or any of its amendments, and so none had answered or otherwise responded to any of those pleadings.  As of the date of this writing, no answers or other responsive pleadings have been filed by any of the persons or entities Watkins seeks to dismiss by the Motion.[1]  "A dismissal under Rule 41(a)(1)(A)(i) is 'effective without any court action.'"  *Creppel v. Cashio*, No. 24-30191, 2025 WL 2491131, at *1 (5th Cir. Aug. 29, 2025) (quoting *Waetzig v. Halliburton Energy Servs., Inc.*, 604 U.S. 305, 308, 145 S. Ct. 690, 694 (2025)).  Although Watkins has filed a "motion to dismiss," it is nonetheless effective as a Rule 41(a)(1)(A)(i) notice of dismissal.  *Id.* (citations omitted).  Accordingly,

**IT IS RECOMMENDED** that the *Ex Parte* Motion to Dismiss Solely Defendants Derek Bisig, Clarence Cormier, Pamela Fruge, Chris Gallow, Daniel Guinn, Steve Gunnel, Danny Semmes, Ivy Woods, the District Attorneys Office of Jefferson Davis Parish, and the Police Jury of Jefferson Davis Parish Without Prejudice (doc. 17) be **GRANTED** and these defendants be **DISMISSED WITHOUT PREJUDICE**.

In his original complaint and first three amendments thereof (docs. 1, 3, 7 & 8), Watkins named the Jennings Police Department as a defendant.  In his most recent Fourth Amended Complaint, however, he names as defendants only Eduardo Mendoza and "The City of Jennings"

---

[1] On July 21, 2025, an answer to plaintiff's Fourth Amended Complaint (doc. 15) was filed by defendants, The City of Jennings, Louisiana, and Eduardo Mendoza.  Doc. 18.  The Fourth Amended Complaint is the operative complaint at this point, and it names only these two parties as defendants.  Doc. 15 at ¶¶9-10.  Neither of these parties are sought to be dismissed; instead, plaintiff specifically reserves his claims against them in the current motion.  Doc. 17 at p. 1.

as "the public entity that oversees what is commonly known as the Jennings Police Department." Doc. 15, ¶¶9-10.  Likewise, the Motion states that "Plaintiff's proposed Fourth Amended Complaint removes all Defendants except for the City of Jennings, Louisiana and Eduardo Mendoza." Doc. 17, p. 1.  While not named in the Motion, it is clear Watkins intended to dismiss the Jennings Police Department.  Regardless, the Jennings Police Department is not a legal entity capable of being sued in a federal civil rights action. *See Francis v. Terrebonne Par. Sheriff's Office,* No. 08-4972, 2009 U.S. Dist. LEXIS 114805, 2009 WL 4730707, at *2 (E.D. La. Dec. 9, 2009) (citing *Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 283 (5th Cir. 2002)); *see also Causey v. Parish of Tangipahoa*, 167 F. Supp. 2d 898, 909 (E.D. La. 2001) (citing *Norwood v. City of Hammond*, No. 99-879, 1999 U.S. Dist. LEXIS 15539, 1999 WL 777713, at *2 (E.D. La. Sep. 30, 1999)).  The State of Louisiana grants no such legal status to any law enforcement office or department. *Liberty Mut. Ins. Co. v. Grant Parish Sheriff's Dep't*, 350 So. 2d 236 (La. App. 3d Cir. 1977). Similarly, under federal law, Louisiana's sheriff's offices and city police departments are not considered to be "persons" for purposes of § 1983 liability. *Calhoun v. Sanderson,* No. 01-3765, 2003 U.S. Dist. LEXIS 4620, 2003 WL 1595088, *5 (E.D. La. Mar. 25, 2003); *Causey*, 167 F. Supp. 2d at 909 (city police department).

Accordingly,

**IT IS FURTHER RECOMMENDED** that the Jennings Police Department be **DISMISSED WITH PREJUDICE**.  Such dismissal shall not affect Watkins' claims against the City of Jennings, Louisiana, which are specifically preserved.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed

factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

      **THUS DONE AND SIGNED** in chambers this 5th day of September, 2025.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE